This is a motion by the plaintiff for judgment on the pleadings under the provisions of Rule 3:12-3.
From the pleadings the facts appear as follows:
On December 7, 1939, William O. Robinson, Wilhelmina O. Mauck and Leland Rex Robinson were the owners of Lot 29 on map entitled "Woodcliffe Park, Raccoon Island, in Lake Hopatcong, Morris County, N.J., property of Bower Abbey Company, East Orange, N.J." On that date, Nordyke Metzger, owner of Lots 30 and 31 on the said map, entered into a *Page 494 
written agreement with William O. Robinson, which was duly recorded in the Morris County Clerk's office on December 16, 1939, in Book Z-35, page 333. By the agreement, Metzger granted to Robinson, his heirs and assigns forever "the right to store one automobile in the northwesterly half of the garage now situate on Lot 31 on map entitled `Woodcliffe Park, Raccoon Island, in Lake Hopatcong, Morris County, N.J., property of Bower and Abbey Company, East Orange, N.J.' together with the right of access and egress to said garage from the highway as the same now exists or as the said garage may hereafter be repaired or appointed, which premises are situate in the County of Morris, in the State of New Jersey, to have and to hold the same with the appurtenances, unto the said party of the second part, his heirs and assigns to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns forever."
In 1944, the Robinsons and Wilhelmina Mauck conveyed Lot 29 to the present defendants. At the same time, William O. Robinson transferred to the defendants the right granted by Metzger to store one automobile in the northwesterly half of the garage on Lot 31. William O. Robinson died in February, 1946.
In 1945, Nordyke Metzger conveyed Lots 30 and 31 to Minnie Wright. The deed recited that it was made subject to the terms of the agreement between Metzger and William O. Robinson.
On December 26, 1945, Minnie Wright conveyed Lots 30 and 31 to the plaintiff. The deed recited that the conveyance was made "subject to the terms of a certain agreement between the party of the first part and William O. Robinson dated December 7, 1939, recorded in the Morris County Clerk's office December 16, 1939, in Book Z-35, page 333."
The question raised by this motion is whether or not, by the grant from Metzger, Robinson received an interest in Metzger's property which was capable of transfer or assignment. The plaintiff argued that Robinson received an easement in gross which expired with his death. Defendant, on the other hand, insists that the instrument resulted in the *Page 495 
creation of an easement appurtenant, which was capable of transfer by Robinson. The distinction between the two, of course, is that an easement appurtenant requires a dominant tenement to which it is appurtenant, whereas an easement in gross belongs to its owner independently of his ownership or possession of any specific land. It might very well be argued that the right here under consideration is an easement appurtenant granted to Robinson in connection with his ownership of Lot 29. In the construction of grants of this character the presumption is always in favor of their being easements appurtenant. 1 Thompsonon Real Property, par. 348; Weigold v. Bates, 258 N.Y.S. 696. In construing a particular grant the court will consider the language used; the facts and circumstances existing at the time of the execution of the grant; the nature of the subject matter and the apparent purpose for the making of the instrument. It will seek to ascertain the intention of the parties and give it effect insofar as the rules of law will permit.
The development in which the lots in question are located is a summer colony at Lake Hopatcong. At the time of the grant, according to the statements of counsel, the only road by which an automobile could approach Lot 29 was Sunrise Way, which terminated at Lot 31 owned by Metzger. The garage in question is located at the side of Sunrise Way on Lot 31 and was the only place in the immediate neighborhood where the owner of Lot 29 could garage his car. In these days, in the enjoyment of summer homes lacking public transportation facilities, an automobile is more a necessity than a luxury and a place to keep the car is a definite asset to the property in connection with which such a rights exists. Since the grant to Robinson would be of little value, except when coupled with the ownership of a lot in the immediate neighborhood of the garage, it is reasonable to conclude that he was granted the right to occupy a portion of the garage on Lot 31 because of his ownership of Lot 29 and not as a strictly personal right.
But, assuming the grant to have resulted in the creation of an easement in gross, it does not necessarily follow that *Page 496 
the easement expired with the death of Robinson. It is quite true that the common law refused protection to easements in gross and that a large number of cases in this country hold that the right is not transferable. In recent years, however, there has been a growing tendency to recognize the right to transfer easements in gross and to protect them as assignable interests in real estate. There would appear to be no logical reason why, if he chose to do so, a man could not grant to another an interest in his land entirely irrespective of the grantee's possession of another estate. And I think it is safe to say that today the assignability of, or right to transfer an easement in gross, depends upon the intention of the parties as shown by the language of the grant; the definite and fixed nature of the burden upon the servient tenement and the circumstances existing at the time the grant was made. The Standard Oil Co. v. Buchi,72 N.J. Eq. 492; 2 Walsh's Commentary on the Law of RealProperty, par. 230, etc.; Re-statement of the Law on Property,par. 491, etc.
There was no uncertainty about the nature and extent of the burden upon Metzger's property. The language of the grant is clear. Quite evidently, both Robinson and Metzger were of the opinion that Robinson had been given a transferable right by Metzger. When he conveyed Lot 29, Robinson also transferred his rights under the Metzger grant. Metzger, in conveying Lots 30 and 31 to Wright made the conveyance subject to the grant to Robinson. And Wright, in turn, in the conveyance to Weber, also made it subject to the grant to Robinson. From 1945 until the commencement of this litigation the plaintiff, apparently, has recognized the grant.
I am of the opinion that the defendant, by the transfer from Robinson, became entitled to store an automobile in the northwesterly half of the garage on Lot 31, in accordance with the provisions of the grant from Metzger to Robinson. This right is enforceable against the plaintiff, as the successor in title to Metzger. Plaintiff's motion for judgment on the pleadings will be denied. Since counsel have agreed that no additional facts would be adduced at a hearing, it follows that there should be judgment for the defendant. *Page 497